# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**MICHAEL SHIFERAW (01),**

    **Defendant.**

Case No. 19-20025-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on the government's Motion to Determine Competency of Defendant Michael Shiferaw (Doc. 59 (sealed)). Specifically, the government, citing *Indiana v. Edwards*, 554 U.S. 164 (2008), moved for this evaluation "to determine the defendant's mental competency to conduct his own defense at trial." *Id.* at 1. Mr. Shiferaw opposes the motion. His co-defendant takes no position.[1] For reasons explained below, the court grants the government's Motion to Determine Competency of Defendant Michael Shiferaw (Doc. 59).

An earlier Forensic Evaluation concluded that Mr. Shiferaw's symptoms do not substantially impair his present ability to: (a) understand the nature and consequences of the court proceedings against him; or (b) assist counsel properly in a defense of those

---

[1] In its February 14, 2020 Memorandum and Order, the court directed the parties to file supplemental briefing on two issues: (1) what question the evaluator should answer, and (2) who should conduct the evaluation. Doc. 62 at 4, 7. The court proposed a question for the evaluator in its order: Does Michael Shiferaw suffer a severe form of mental illness such that he is not competent to conduct trial proceedings by himself? *Id.* at 6. The government filed a supplemental brief. Doc. 67 (sealed). In it, the government approved the court's proposed question, and suggested that the Bureau of Prisons should conduct the evaluation, citing both logistical and timing concerns. *Id.* At a hearing on March 12, 2020, Mr. Shiferaw again opposed a second competency evaluation. He took no position on the court's proposed question for the evaluator or who should conduct the evaluation.

proceedings. After that evaluation, Mr. Shiferaw announced he wanted to represent himself, which includes management of pretrial matters and a jury trial. After carefully considering the government's motion and supplemental brief, the parties' arguments at the March 12, 2020 hearing, and the relevant legal authorities, the court finds that there is reasonable cause to believe that Mr. Shiferaw suffers from a mental disease or defect sufficient to prevent him from conducting trial proceedings by himself. The court thus concludes that Michael Shiferaw must submit to a mental examination that answers this question: **Does Michael Shiferaw suffer a severe form of mental illness such that he is not competent to conduct trial proceedings by himself?**

When answering this question, the examiner should consider Mr. Shiferaw's ability to: (1) engage in rational decision-making and structured, organized, and goal-directed behaviors; (2) communicate both orally and in writing; (3) conform his behavior to social and legal expectations; (4) monitor his emotions in a high stress and high stakes environment; and (5) perform basic cognitive functions necessary to construct, mount, and modify an effective defense. *See* Christina L. Patton, E. Lea Johnston, Colleen M. Lillard, Michael J. Vitacco, *Legal and Clinical Issues Regarding the Pro Se Defendant: Guidance for Practitioners and Policy Makers*, 25 Psychol., Pub. Policy, and L. 196, 203–04 (2019). By identifying these factors, the court does not confine the examiner's analysis to them. The examiner may consider other factors if the examiner deems them relevant to evaluate a person's competency to represent himself in a federal court criminal proceeding and jury trial. If the examiner deems it appropriate to consider other factors, however, the examiner must identify them explicitly and describe the role that such additional factors played in the examiner's conclusion.

Having concluded that there is sufficient cause to request this second evaluation, the court must decide who will conduct it. The government asked the court to assign this work to the same cohort of examiners who evaluated Mr. Shiferaw's competency to stand trial. *See* Doc. 67 at 2 (sealed) (proposing Bureau of Prisons Unit who evaluated Mr. Shiferaw's competency to stand trial); *see also* Doc. 39 (sealed) (evaluation prepared by Jaime Jauregui, Ph.D. of the Bureau of Prisons). The court expressed some reservations about the government's approach for reasons explained in its February 14, 2020 Order. *See* Doc. 62 at 7–8. The government supplemented its arguments on this subject and suggested several reasons why its proposed methodology was superior to the possibility suggested by the court, *i.e.*, appointing a qualified private psychologist or a psychiatrist from the area. *Compare* Doc. 67 at 2–5 *with* Doc. 62 at 7–8.

While reasonable minds can differ, the government has persuaded the court that the better course is assigning this second evaluation to the same Bureau of Prisons psychology unit who conducted Mr. Shiferaw's initial evaluation. This approach, the court finds, will provide the examiner an opportunity to observe Mr. Shiferaw in a broader collection of settings and over a longer period. This broadened exposure may enhance the evaluation's integrity. Also, the government has identified a protocol that ameliorates many of the court's initial concerns. *See* Doc. 67 at 2–3 (government disclaiming any need to receive or review the report before trial).

Considering all the factors, the court grant's the government's Motion to Determine Competency of Defendant Michael Shiferaw (Doc. 59). The court orders Mr. Shiferaw to submit to a mental examination to determine his competency to represent himself in this action. The court directs the examiner to apply the standard identified in

this Order to answer the question framed on page two of this Order. The court commits Mr. Shiferaw to the custody of the Attorney General for placement in a suitable facility designated as a forensic evaluation site. The court also orders him held in temporary custody of the United States Marshals Service and delivered by that Service to the site designated by the Attorney General. **The court requests the United States Marshal Service to arrange to transport Mr. Shiferaw for these purposes forthwith and without delay.**

Consistent with 18 U.S.C. § 4241(b), the court directs the examiner to provide a written report memorializing the findings of the evaluation to the undersigned judicial officer within 45 days via the following address: Robert J. Dole Federal Courthouse, Room 628, 500 State Avenue, Kansas City, Kansas 66101. The examiner must provide the report within 45 days of the evaluation. **The examiner must not file the report with the clerk or provide the report to any other party or person without the explicit approval (in writing) of this court.**

The court further finds that the period of delay resulting from Mr. Shiferaw's evaluation is excluded time under the Speedy Trial Act, as provided in 18 U.S.C. § 3161(h)(1)(A).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's Motion to Determine Competency of Defendant Michael Shiferaw (Doc. 59) is granted.

**IT IS FURTHER ORDERED THAT** the defendant, Michael Shiferaw (1) must submit to a mental examination consistent with this Order, (2) be committed to the custody of the Attorney General for placement in a suitable facility designated as a forensic evaluation site; (3) be held in the temporary custody of the United States Marshal Service, and be delivered by the Service to the site designated by the Attorney

General.  The court directs the United States Marshal Service to arrange the transportation of Mr. Shiferaw forthwith and without delay.

**IT IS FURTHER ORDERED THAT** the defendant, Michael Shiferaw be examined to determine whether he suffers from a severe mental illness such that he is not competent to conduct trial proceedings by himself.  The court directs the examiner to provide a written report memorializing the findings of the evaluation to the undersigned judicial officer within 45 days of the evaluation via the following address:  Robert J. Dole Federal Courthouse, Room 628, 500 State Avenue, Kansas City, Kansas 66101.  The examiner must provide the report within 45 days of the evaluation.  **The examiner must not file the report with the court or provide the report to any other party or person without the explicit approval (in writing) of this court.**

**IT IS FURTHER ORDERED THAT** the Clerk of the United States District Court is directed to provide notice of this Order to Mr. Shiferaw by certified mail and to the United States Marshal Service by electronic message.

**FINALLY, THE COURT ORDERS THAT** Mr. Shiferaw's appointed standby counsel communicate with Mr. Shiferaw to confirm his receipt of this Order.

 **IT IS SO ORDERED.**

**Dated this 18th day of March, 2020, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**